ALBANY,
August, 1805.

Tower
v.
Wilson.

## David Tower *against* Nathan Wilson.

If a party serving a notice has not kept a copy, he may prove its contents by parol evidence.

THE only point was, whether a party who has served a notice, without keeping a copy of it, might give parol evidence of its contents?

*Per curiam.* There was a notice served on the defendant to produce a *fi. fa.* on the trial, or that the plaintiff would prove it by parol. It appears that no copy of this notice was kept. We think it might be proved by an affidavit of its contents. In this instance there is no other way to establish it, and the defendant has it in his power, by producing the original, to correct mistakes. In *Tidd's* forms, notices are proved, by affidavits of the substance of their contents.

*Shephard.* The plea, though beginning as a demurrer, was in substance a former recovery in bar, which the replication denies; but though there is no issue on the fact, the justice goes on to try.

## Tower *against* Wilson, Sheriff of Washington.

In an action against a sheriff for levying on wrong property, to warrant a certificate

THIS was an action of trespass, brought by the plaintiff for an illegal levy on the plaintiff's property whilst in his own hands, by a deputy of the defendant under a *fieri facias*, against another person.

The judge considering that when the property of a third person was taken wrongfully in execution, the malice was an inference of law, arising on the facts, and that the defendant was responsible for the conduct of his deputy, had certified the trespass to be wilful and malicious.

*Shephard* now moved to have the certificate vacated.

*Per curiam.* Take the effect of your application. The trespass here was not voluntary in the defendant, for he is sued for an act of his deputy in taking wrong property on a *fi. fa.* when he knew nothing of it himself. To make the case of *Stiles* and *Hathway* apply, the trespass must be voluntary in fact, and not merely by construction. In the present instance it is impossible to say the act was voluntary in the defendant.

*ALBANY, August, 1805.*

that the trespass was wilful and malicious, it must appear either that the execution was served by him, or with his knowledge, for a constructive trespass does not make it voluntary.